UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KIEL JAMES PATRICK, LLC<br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br>*Defendants.* | C.A. No. |

# COMPLAINT

Plaintiff, Kiel James Patrick, LLC ("**KJP**" or "**Plaintiff**"), by and through the undersigned counsel, hereby brings this action against the Partnerships and Unincorporated Associations Identified on ***Schedule A*** attached hereto (each individually and collectively "**Defendants**") for money and equitable damages from the causes of action set forth herein.

## INTRODUCTION

1.  This action has been filed against individuals and/or entities who unfairly trade upon KJP's reputation and goodwill by selling and/or offering imitation products for sale. KJP seeks to stop the e-commerce and Internet stores of the Defendants from selling imitations of KJP's products and stop the Defendants from misleading and deceiving consumers about KJP's approval or sponsorship of their inferior products, and/or using KJP's intellectual property without authorization.

2.  KJP has been the subject of widespread unauthorized and unfair emulation and trading upon by wrongful actors who have attempted to capitalize on KJP's success by unlawfully trading-off of the widespread consumer recognition and good will that KJP has developed. The

success and notoriety of the KJP brand has resulted in KJP being subjected to unfair competition and the unauthorized use and infringement of KJP's intellectual property.

3.      KJP is forced to expeditiously file this action to combat the Defendants' wrongful conduct and protect unknowing consumers from purchasing unauthorized and inferior and imitation KJP products over the Internet from concealed and unreachable individuals and/or entities. KJP is being irreparably harmed by the Defendants' conduct in relation to its valuable brand, products, and intellectual property and accordingly seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. § 1051 *et seq.* ("**Lanham Act**") and 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including in Rhode Island, through at least the fully interactive and accessible commercial Internet Stores operating under the online marketplace accounts identified in ***Schedule A*** attached hereto (individually and collectively, the "**Defendant Internet Stores**" or "**Internet Stores**"). Specifically, the Defendants are reaching out to do business with Rhode Island residents by operating one or more commercial, interactive Internet Stores through which Rhode Island residents can purchase imitation KJP products that are promoted and sold to consumers without KJP authorization. The Defendants have pursued and targeted, and are pursuing and targeting, sales from Rhode Island residents by operating online stores that are available and accessible to Rhode Island residents, offer shipping to Rhode Island residents, and accept payment in U.S. dollars from

Rhode Island residents. Upon information and belief, the Defendants have promoted and sold, and are promoting and selling, imitation KJP products to Rhode Island residents. The Defendants have committed, and are committing, tortious acts in Rhode Island, have engaged, and are engaging, in interstate commerce, and have wrongfully caused, and are wrongfully causing, KJP substantial injury in the State of Rhode Island.

## PARTIES

6. Plaintiff Kiel James Patrick, LLC is a Rhode Island limited liability company with a principal place of business located at 925 Central Avenue, Pawtucket, Rhode Island 02861. KJP designs, creates, manufactures, and sells original fashion products and accessories, including, among other items, clothing, jewelry, and pet accessories ("**Products**"). KJP's Products are uniquely inspired by the unique aspects of New England life with emphasis on themes such as living a nautical lifestyle, pursuing the "American Dream," and the aesthetics of New England's changing seasons.

7. The Defendants are individuals and/or business entities who, upon information and belief, reside in foreign jurisdictions including in the People's Republic of China. The Defendants conduct business throughout the United States, including within Rhode Island and in this Judicial District, through the operation of fully interactive commercial websites and online marketplaces including the Defendant Internet Stores. The Defendants target the United States, including Rhode Island, and have offered to sell and, on information and belief, have sold, and use KJP intellectual property without authorization, to sell imitation KJP products to consumers within the United States, including Rhode Island and in this Judicial District. The Defendants, upon information and belief, seek to conceal their identities and anonymously operate their Internet Stores.

# FACTS

### *KJP's Business and Innovation*

8. KJP's Products are advertised, marketed, and sold at/on the e-commerce store, www.kieljamespatrick.com ("**KJP Website**") and KJP's Products are also sold at the Kiel James Patrick Flagship Store in Newport, Rhode Island. KJP owns and uses numerous and various trademarks and advertising materials to promote, advertise, and sell its Products, and its trademarks are closely associated with KJP's brand and Products, as well as their high-quality and nature.

9. Through its advertising, marketing, and promotional expertise, KJP has developed its business such that the KJP brand is now internationally recognized with millions of social media followers domestically and worldwide. One of KJP's Instagram accounts—where KJP's Products and its advertising materials, and trademarks are consistently featured—has over 1,200,000 "followers" who follow and support KJP. One of KJP's TikTok accounts—where KJP Products and its advertising materials, and trademarks are consistently featured has over 1,500,000 "followers" who follow and support KJP.

10. KJP's business success is closely related to its renowned Internet and social media advertising, marketing, and promotional skills and abilities, which generate multiple millions of views, likes, comments, and other interactions in relation to the KJP brand and generate exposure worth millions of dollars in more traditional methods of advertising and promotion. KJP's advertising, marketing, and promotional efforts include, but are not limited to, the use and promotion of its trademarks and advertising materials across the Internet, print media, webpages, and most notably, social media.

### *KJP Marks and Advertising Materials*

11. KJP is the owner of numerous valid and subsisting trademark registrations with the United States Patent and Trademark Office ("**USPTO**") including the following: (a) U.S. Reg. No. 5787726; (b) U.S. Reg. No. 4217951; (c) U.S. Reg. No. 4217952; (d) U.S. Reg. No. 5799190; (e) U.S. Reg. No. 4233031; (f) U.S. Reg. No. 6095333; (g) U.S. Reg. No. 6095331; (h) U.S. Reg. No. 5787724; and (i) U.S. Reg. No. 4819102 (collectively and individually, as well as all common law rights therein, "**KJP Marks**"). Attached hereto as ***Exhibit 1*** are true and correct copies of the KJP's trademark registrations as identified above, which are hereby incorporated by reference.

12. The registration of the KJP Marks is prima facie evidence of KJP's exclusive right to use each mark as trademark and that each is valid, subsisting, and in full force and effect. The KJP Marks are distinctive and identify the Products as goods designed, manufactured, and sold by KJP and have become synonymous with the Products and denote to the public the Products' high quality, well-manufactured nature.

13. KJP has expended substantial time, money, and other resources in developing, advertising, marketing, and promoting the KJP Marks, which has resulted in the KJP Marks being widely recognized and the KJP Marks being exclusively associated by consumers, the public, and the trade with Products distinctly from KJP. Due to the widespread popularity of the Products, the KJP Marks are famous trademarks pursuant to 22 U.S.C. § 1125(c).

14. The KJP Website and KJP's social media accounts regularly post, as advertising and marketing material and content, original photographs, videos, and other content (the "**KJP Advertising Materials**") that feature a distinct, cultivated, and recognizable aesthetic and point of view that is uniquely associated with KJP brand. Attached hereto, as ***Exhibit 2,*** are true and correct copies of screenshots of KJP's Advertising Materials, which are hereby

5

incorporated by reference.

15. Like with the KJP Marks, KJP has expended substantial time, money, and other resources in developing, advertising, marketing, and promoting its Advertising Materials, which has resulted in the KJP Advertising Materials being widely recognized and the KJP Advertising Materials being exclusively associated by consumers, the public, and the trade with Products distinctly from KJP.

16. KJP Marks are frequently infringed and used without authorization on social media and online marketplaces that are challenging to timely and effectively police. KJP's Advertising Materials are often used, copied, manipulated, and featured without KJP's authorization to create the false impression of an association with KJP and/or mislead or confuse consumers into wrongfully believing that there is an association with KJP when there is none. These false statements and misrepresentations occur frequently on social media and online marketplaces that are challenging to timely and effectively police.

*Defendants' Unlawful Conduct*

17. Without authorization or approval from KJP, the Defendant Internet Stores have sold or offered for sale, or are selling or offering for sale, imitation KJP products that are not genuine KJP Products and/or products that falsely and deceptively appear authorized, approved, sponsored by or affiliated with KJP when they are not. KJP never granted the Defendants any authorization, permission, or license to use, copy, or reproduce the KJP Advertising Materials. KJP similarly never granted the Defendants authorization, permission, or license to use, copy, or reproduce any of KJP's photographs, videos, and/or content, including KJP's photographs from KJP's Website. Lastly, KJP never granted the Defendants any authorization, permission, or license to use the KJP Marks, nor granted the Defendants the

6

right sell or offer for sale KJP's Products.

18.     Upon information and belief, the Defendants know about and can identify the KJP Marks.  Upon information and belief, the Defendants deliberately manipulate the KJP Advertising Materials, including photographs of KJP Products and/or KJP photographs from KJP's website, to remove the KJP Marks to attempt to escape liability and/or frustrate KJP's protection of its business, brand, and Products and/or KJP's enforcement of its intellectual property rights. Upon information and belief, the Defendants further employ artificial intelligence ("AI") tools and technologies in order to manipulate, alter, or conceal the KJP Advertising Materials, thereby enhancing their ability to strip or obscure the KJP Marks and otherwise disguise the infringing nature of their conduct.

19.     Upon information and belief, consumers find the imitation KJP Products sold on the Defendant Internet Stores through the Defendants' unauthorized use of the KJP Advertising Materials on social media and the Internet and/or through the Defendants' utilizing and/or benefiting from search terms such as "KJP sweaters" and "Kiel James Patrick sweaters" and similar variations of said terms. Upon information and belief, the Defendants further use other unauthorized and/or illegitimate search engine optimization tactics and social media spamming, including advertisements on Instagram and/or social media, that feature genuine KJP Products and/or KJP Advertising Materials, to misdirect consumers searching for genuine KJP Products.

20.     Once found by consumers, each Defendant Internet Store falsely appears to unknowing customers to be an authorized online retailer, store, or wholesaler of genuine KJP Products that can accept payment in U.S. dollars via credit card and through PayPal and other similarly situated payment processors.  The Defendants further use and/or feature the KJP

Advertising Materials on the Defendant Internet Stores to deceive, mislead, and confuse consumers into believing that there is an association with KJP when there is none.

21.     Specifically, the Defendant Internet Stores use and/or feature advertising, marketing, and promotional images, text, and other design elements that, individually and/or collectively, make it difficult for consumers to distinguish imitation KJP offerings from a genuine KJP Products and/or distinguish an unauthorized website or seller from an authorized KJP website or seller. In furtherance of this deception, upon information and belief, the Defendant Internet Stores misappropriate actual KJP Advertising Materials, including original images of the namesakes of KJP and/or KJP models wearing genuine KJP Products, or alternatively employ AI-generated models and manipulated imagery to depict KJP Products, all while using the same or similar Advertising Materials featured on KJP's website and social media to replicate the brand's look and feel and heighten the likelihood of consumer confusion.

22.     Even more specifically, the Defendants have displayed, and continue to display, KJP's Advertising Materials, including exact, manipulated, or AI generated photographs of KJP Products and/or KJP photographs from the KJP Website, on the Defendant Internet Stores, thereby falsely misrepresenting KJP's Products as the Defendants' own products. The Defendants' display of the KJP Advertising Materials on the Defendant Internet Stores constitutes commercial advertising and conveys a false and misleading message to consumers about the nature, qualities, characteristics, and/or origin of the Defendants' products including that they are authorized or approved by KJP or genuine when they are not.  Attached hereto as ***Exhibits 3-18*** are true and correct copies of screenshots of the unauthorized use and/or duplication of the KJP Advertising Materials by the Defendants including on the Internet

Stores, which are hereby incorporated by reference.

23. By displaying KJP Advertising Materials, including exact, manipulated, or AI generated photographs of KJP Products and/or KJP photographs from the KJP Website, the Defendants have conveyed, and are conveying, a false and misleading message to consumers and have misrepresented, and are misrepresenting, KJP's Products as the Defendants' products to deceive and confuse customers and other visitors to the Defendant Internet Stores.

24. The Defendants' false and misleading representations of fact have confused and/or are likely to confuse consumers and cause them to mistakenly believe that the Defendants' imitation KJP Products are genuine KJP Products. The Defendants' false and misleading representations of fact have also and/or are likely to deceive customers as to KJP's approval or authorization of the Defendants' imitation products and commercial activities.

*Defendants' Attempts to Avoid Liability*

25. Upon information and belief, the Defendants have concealed and seek to conceal their identities and anonymously operate the Defendant Internet Stores. Upon information and belief, the Defendants take such actions to insulate themselves from remedies for their wrongful acts and/or frustrate the enforcement of intellectual property rights against them.

26. Relatedly, upon information and belief, the Defendants operate credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operating despite KJP's enforcement efforts. Upon information and belief, the Defendants maintain offshore bank account(s) and regularly move funds from their merchant and/or PayPal account(s) to these offshore bank accounts to attempt to escape the jurisdiction of this Court.

27. Upon information and belief, the Defendants use their merchant and/or PayPal account(s) to take payment from consumers, including Rhode Island residents, for imitation KJP products that are advertised and promoted without authorization from KJP using the KJP Advertising Materials and/or KJP Marks. Upon information and belief, the Defendants regularly move such ill-gotten funds from their merchant and/or PayPal account(s) to their offshore accounts to abscond with them beyond the jurisdiction of this Court and, upon learning of potential legal action or liability, have or will immediately move ill-gotten funds from their PayPal account(s) to their offshore accounts to abscond with them beyond the jurisdiction of this Court.

*Harms to KJP*

28. The Defendants and the Defendant Internet Stores harm KJP by misleading, deceiving, and confusing actual and prospective KJP consumers about KJP and its Products and/or by offering for sale and/or selling imitation KJP Products that are inferior at significant discounts from genuine KJP Products.

29. The Defendants' and the Defendant Internet Stores' acts of unauthorized use of the KJP Advertising Materials, and/or the KJP Marks, and sale of imitation KJP Products are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source, nature, and quality of the KJP Products that KJP is offering in association with the KJP Advertising Materials and/or KJP Marks.

30. The Defendants' and the Defendant Internet Stores' acts of unauthorized use of the KJP Advertising Materials, and/or the KJP Marks, have and are likely to continue to deceive and mislead the relevant consuming public into believing, falsely and mistakenly, that the Defendants are associated or affiliated with, or sponsored or approved by, KJP when they

are not.

31. Upon information and belief, the Defendants' actions are intentional and knowing and meant to harm KJP and wrongfully benefit from the goodwill, popularity, and fame of KJP and its Products, KJP Advertising Materials, and KJP Marks. Upon information and belief, Defendants do not intend to stop their wrongful activities and conduct towards KJP.

32. Unless restrained, the Defendants' acts are causing and will continue to cause, damage and immediate irreparable harm to KJP and to its valuable reputation and goodwill with the consuming public for which KJP has no adequate remedy at law.

## CAUSES OF ACTION

### Count I
### Federal Unfair Competition - False Designation of Origin

33. KJP repeats and realleges the allegations contained in every prior paragraph in this Complaint as if set forth in full herein.

34. The Defendants' conduct as alleged herein constitutes unfair competition, including false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. The Defendants' unauthorized use in commerce of the KJP Advertising Materials, including exact, manipulated, or AI photographs of KJP Products and/or KJP's photographs from KJP's Website, as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Defendants' products, and has caused or is likely to cause consumers to believe, contrary to fact, that the Defendants' products are sold, authorized, endorsed, or sponsored by the KJP, or that the Defendants are in some way affiliated with or sponsored by KJP.

36. The Defendants unauthorized use in commerce of the KJP Advertising Materials, including exact, manipulated, or AI photographs of KJP Products and/or KJP's photographs from KJP's website, as alleged herein constitutes use of a false designation of origin and a false and/or misleading description and/or representation of fact.

37. Upon information and belief, the Defendants' conduct as alleged herein is willful and is intended to and has or is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants with KJP.

38. The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to KJP, and to its goodwill and reputation, and will continue to both damage KJP and confuse the public unless enjoined by this court and KJP has no adequate remedy at law.

39. KJP is entitled to, among other relief, injunctive relief and an award of actual damages, the Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

*Count II*
*Federal Unfair Competition - False Advertising*

40. KJP repeats and realleges the allegations contained in every prior paragraph in this Complaint as if set forth in full herein.

41. The Defendants' conduct as alleged herein constitutes unfair competition, including false advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. The Defendants' unauthorized use in commerce of the KJP Advertising Materials, including exact, manipulated, or AI photographs of KJP Products from KJP's Website,

as alleged herein conveys a false or misleading message to the relevant consuming public about the nature, qualities, characteristics, and/or origin of the Defendants' products and deceives or is likely to deceive the relevant consuming public that, contrary to fact, the Defendant's products are sold, authorized, endorsed, or sponsored by KJP, or that the Defendants are in some way affiliated with or sponsored by KJP.

43. The Defendants unauthorized use in commerce of the KJP Advertising Materials, including exact, manipulated, or AI photographs of KJP Products from KJP's website, and/or KJP Marks as alleged herein constitutes false advertising and a false and/or misleading description and/or representation of fact.

44. Upon information and belief, the Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants with KJP.

45. The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to KJP, and to its goodwill and reputation, and will continue to both damage KJP and confuse the public unless enjoined by this court and KJP has no adequate remedy at law.

46. KJP is entitled to, among other relief, injunctive relief and an award of actual damages, the Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, KJP prays for judgment and relief against the Defendants as follows:

1. That final judgement enters in favor of KJP and against the Defendants on all

counts and/or claims of this Complaint.

2. That the Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them, be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the KJP Marks or KJP Advertising Materials;

    b. using any reproductions, copies, AI tools and technologies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KJP Product or is not authorized by KJP to be sold in connection with the KJP Marks or KJP Advertising Materials;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine KJP Product or any other product produced by KJP that is not KJP's or not produced under the authorization, control, or supervision of KJP and approved by KJP for sale under the KJP Marks or KJP Advertising Materials;

    d. committing any acts calculated to cause consumers to believe that the Defendants' products and/or goods are those sold under the authorization, control, or supervision of KJP, or are sponsored by, approved by, or otherwise connected with KJP;

    e. further infringing the KJP Marks or KJP Advertising Materials and damaging KJP's goodwill;

    f. otherwise competing unfairly with KJP in any manner;

    g. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for KJP, nor authorized by KJP to be sold or offered for sale, and which bear, use, or display association with any KJP Marks or KJP Advertising Materials, or any

reproductions, copies, or colorable imitations thereof;

       h.    using, linking to, transferring, selling, exercising control over, or otherwise owning any domain name, website, or online marketplace or account that is being used to sell or is how the Defendants could continue to sell products and/or goods of KJP Products or using the KJP Marks or KJP Advertising Materials; and

       i.    operating and/or hosting websites at any other domain names registered or operated by the Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing, using, or displaying association with the KJP Marks the KJP Advertising Materials or any reproduction, copy, or colorable imitation thereof that is not a genuine KJP Product or not authorized by KJP to be sold in connection with the KJP Marks or KJP Advertising Materials; and

3.    That Defendants, within fourteen (14) days after service of Judgment with notice of entry thereof upon them, be required to file with the Court and serve upon KJP a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 2, a through i, above;

4.    Entry of an Order that, upon KJP's request, those in privity with the Defendants and those with notice of the injunction, including their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them including any online marketplaces, social media platforms, Internet search engines, web hosts for the Defendants' domain names, and domain name registrars, shall:

       a.    disable and cease providing services for any accounts through which Defendants engage in the sale of products and/or goods using the KJP Marks or KJP

Advertising Materials;

      b.    disable and cease displaying any advertisements used by or associated with the Defendants in connection with the sale of products and/or goods using the KJP Marks or KJP Advertising Materials; and

      c.    take all steps necessary to prevent links to the Defendant Internet Stores from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index; and

5. Entry of an Order that enjoins PayPal and other similarly situated payment processors from making any distributions from any PayPal account established in the name of the Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them;

6. That the Defendants account for and pay to KJP all profits realized by the Defendants by reason of the Defendants' unlawful acts herein alleged, and that the amount of damages for the Defendants' willful acts be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

7. That KJP be awarded its reasonable attorneys' fees and costs; and

8. Award any and all other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

KJP hereby demands a trial by jury on all issues so triable in this action.

The Plaintiff,
Kiel James Patrick, LLC,
By its Attorney,

*/s/ C. Alexander Chiulli*
C. Alexander Chiulli, Esq. (Bar No. 9139)
Charles J. Russo, Esq. (Bar No. 10751)
Savage Law Partners, LLP
564 South Water Street
Providence, RI 02903
Email: achiulli@savagelawpartners.com
Email: crusso@savagelawpartners.com
Tel: (401) 238-8500
Fax: (401) 648-6748