**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

_____     )
                                     )
KIEL JAMES PATRICK, LLC              )
     *Plaintiff,*              )
                                     )
v.                                   )          C.A. No. 1:25-cv-00633-MRD-AEM
                                     )
                                     )
THE PARTNERSHIPS AND                 )
UNINCORPORATED                       )
ASSOCIATIONS IDENTIFIED              )
ON SCHEDULE "A",                     )
     *Defendants.*            )
_____     )

### ORDER REGARDING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND WRIT OF ATTACHMENT

In the above-captioned matter, the Motion For Temporary Restraining Order ("**Motion for TRO**") of the Plaintiff Kiel James Patrick, LLC ("**KJP**" or "**Plaintiff**") was heard before the Honorable Melissa R. DuBose on December 2, 2025, at 11:30 PM. *See Dkt. No. 2.* Upon review of KJP's Motion for TRO and its supporting papers and after hearing, it is hereby ORDERED, ADJUDGED, and DECREED that:

    **1.**    That the Motion for TRO is GRANTED as set forth herein;

    **2.**    That adequate notice has been provided pursuant to Fed. R. Civ. P. 65(b)(1)(B), or that the lack of notice was justified and excusable pursuant to Fed. R. Civ. P. 65(b)(1)(B);

    **3.**    That KJP has demonstrated: (i) that there is a likelihood of success on the merits of their claims; (ii) that without the relief requested in the Motion for TRO KJP will suffer irreparable harm; (iii) that the balance of hardships between the parties weighs in favor of granting the Motion for TRO; and (iv) that the granting of the Motion for TRO would be beneficial to the public interest;

1

4.      That the Partnerships and Unincorporated Associations Identified on *Schedule A* attached to the Complaint (individually and collectively, "**Defendants**"), their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be enjoined and restrained from:

a.      using the KJP Marks or KJP Advertising Materials, as each defined in the Complaint, or any reproductions, copies, or colorable imitations thereof in any manner, in connection with the distribution, marketing, advertising, offering for sale, or sale of any product or good that is not a genuine KJP Product, as defined in the Complaint, or is not authorized by KJP to be sold in connection with the KJP Marks or KJP Advertising Materials;

b.      passing off, inducing, or enabling others to sell, offer for sale, or pass off any product or good as a genuine KJP Product or any other product produced by KJP that is not KJP's product or good or not produced under the authorization, control, or supervision of KJP and approved by KJP for sale under the KJP Marks or KJP Advertising Materials;

c.      committing or supporting any acts causing or calculated to cause consumers to believe that the Defendants' products or goods are those sold under the authorization, control, or supervision of KJP, or are sponsored by, approved by, or otherwise connected with KJP;

d.      further using and/or infringing the KJP Marks or KJP Advertising Materials and damaging KJP's goodwill;

e.      otherwise competing unfairly with KJP in any manner;

f.      selling, offering for sale, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or goods not manufactured by or for KJP, nor authorized by KJP to be sold or offered for

sale, and which bear, use, or display association with any KJP Marks or KJP Advertising Materials, or any reproductions, copies, or colorable imitations thereof;

       **g.**     using, linking to, transferring, selling, exercising control over, featuring, hosting, or otherwise owning or operating any website, online marketplace, store, account, or domain that is being used to sell or is how the Defendants or the Defendant Internet Stores, as defined in the Complaint, could continue to sell products or goods not manufactured by or for KJP, nor authorized by KJP to be sold or offered for sale, and which bear, use, or display association with any KJP Marks or KJP Advertising Materials, or any reproductions, copies, or colorable imitations thereof; and

       **h.**     operating and/or hosting websites or web pages at any other domain names registered or operated by the Defendants or the Defendant Internet Stores that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product or goods using, bearing, or displaying association with the KJP Marks or KJP Advertising Materials or any reproduction, copy or colorable imitation thereof that is not a genuine KJP Product or not authorized by KJP to be sold in connection with the KJP Marks or KJP Advertising Materials; and

     **5.**     That, upon KJP's request, those in privity with the Defendants and/or the Defendant Internet Stores, and those with notice of the injunction, including their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it including any websites, social media platforms, Internet search engines, web hosts for domain names, domain name registrars, and online marketplaces and/or e-commerce company, including specifically without limitation Temu (temu.com)("**Temu**"), shall:

       **a.**     disable and cease providing services or support for any accounts or stores

through which the Defendants or the Defendant Internet Stores engage in the sale or the offering for sale of products and/or goods bearing, using, or displaying association with the KJP Marks or KJP Advertising Materials;

      **b.**    disable and cease displaying any advertisements, including without limitation via photographs on web pages, used by or associated with the Defendants or the Defendant Internet Stores in connection with the sale of products or goods bearing, using or displaying association with the KJP Marks or KJP Advertising Materials; and

      **c.**    take all steps necessary to prevent links to the Defendant Internet Stores, including those operating on Temu and/or other hosting sites, from displaying in search results, including, but not limited to, removing links to the Defendants' Internet Store from any search index; and

6.    That the funds and the accounts of the Defendants and/or the Defendant Internet Stores, including without limitation those at PayPal, Inc. ("**PayPal**"), other similarly situated payment processors, or Temu, are attached and restrained from access, disposition, use, taking, and transfer, including without limitation by the Defendants and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert; and

7.    That further hearing on the Motion for TRO is scheduled for December 16, 2025, at 10:00 AM before the Honorable Melissa R. DuBose.

                        IT IS SO ORDERED

                        _____
                        Melissa R. DuBose
                        United States District Judge
                        Date:

PRESENTED BY:

The Plaintiff,
Kiel James Patrick, LLC,
By its Attorney,

*/s/ C. Alexander Chiulli*
C. Alexander Chiulli, Esq. (Bar No. 9139)
Charles J. Russo, Esq. (Bar No. 10751)
Savage Law Partners, LLP
564 South Water Street Providence, RI 02903
Email:achiulli@savagelawpartners.com
Email:crusso@savagelawpartners.com
Tel: (401) 238-8500
Fax: (401) 648-6748