**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KIEL JAMES PATRICK, LLC,

*Plaintiff,*

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

*Defendants.*

C.A.No.1:25-cv-00633-MRD-AEM

JURY TRIAL DEMANDED

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS PHYBE JEANS AND XIC LOOM LORE'S EXPEDITED MOTION TO DISSOLVE OR MODIFY THE TEMPORARY RESTRAINING ORDER**

Defendants Phybe Jeans and XIC Loom Lore ("Defendants"), by and through their undersigned counsel, respectfully submit this Reply Memorandum of Law in further support of their Expedited Motion to Dissolve or Modify the Temporary Restraining Order ("Motion", ECF No. 30), and in response to Plaintiff Kiel James Patrick, LLC's ("Plaintiff" or "KJP") Opposition (ECF No. 35) thereto.

**PRELIMINARY STATEMENT**

Plaintiff's Opposition hinges on a single, fundamental mischaracterization. Plaintiff claims that Defendants' Motion is a belated Rule 60(b) challenge to a final order requiring a showing of changed circumstances. That premise is incorrect.

Defendants moved under Rule 65(b)(4), the rule specifically governing motions to dissolve temporary restraining orders. The Court must "hear and decide the motion as promptly as justice requires." Fed. R. Civ. P. 65(b)(4). Unlike Rule 60(b), Rule 65(b)(4) imposes no changed circumstances requirement and no heightened burden. Plaintiff's effort

to convert Defendants' Rule 65(b)(4) motion into a Rule 60(b) motion is a transparent attempt to sidestep the merits of Defendants' arguments.

Plaintiff's procedural objections are equally misplaced. Plaintiff argues waiver of personal jurisdiction. A party does not waive personal jurisdiction by appearing to challenge the Court's jurisdiction. Participation in litigation while simultaneously preserving jurisdictional objections does not constitute waiver under First Circuit law. Defendants expressly preserved their objection to personal jurisdiction by asserting lack of personal jurisdiction as an affirmative defense in their Answer.

On the merits, Plaintiff still has not identified any defendant-specific evidence showing a likelihood of success as to Phybe Jeans or XIC Loom Lore. Plaintiff's Opposition relies on the same group-pleaded, template allegations this Court has seen in countless Schedule A cases. It presents generalized accusations untethered to any specific conduct by these two Defendants. That is insufficient to sustain extraordinary equitable relief.

**LEGAL STANDARDS**

On two days' notice to the party who obtained the order without notice—or on shorter notice set by the court—the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires. Fed. R. Civ. P. 65(b)(4).

Federal Rule of Civil Procedure 12(h)(1) provides that a party waives the defense of lack of personal jurisdiction only if the party fails to make the defense by motion under Rule 12 or include the defense in a responsive pleading. Fed. R. Civ. P. 12(h)(1).

## ARGUMENT

### I. PLAINTIFF MISAPPLIES *CONCILIO* AND IMPROPERLY RECHARACTERIZES DEFENDANTS' RULE 65(b)(4) MOTION

Plaintiff's principal argument is that Defendants' Motion should be analyzed under the standard applicable to Federal Rule of Civil Procedure 60(b)(5), requiring a showing of changed circumstances before injunctive relief may be revisited. Opp. at 3–5. Plaintiff's argument is misplaced.

FRCP 65(b)(4) allows the restrained party to seek prompt dissolution or modification of a TRO, whereas FRCP 60(b) allows a party to seek relief from a final order or judgment based on grounds such as mistake, excusable neglect, or voidness. Thus, Rule 65(b)(4) governs Defendants' Motion, not Rule 60(b). Rule 65(b)(4) further requires that the Court "hear and decide the motion as promptly as justice requires." *Id.* Therefore, Plaintiff cannot convert a Rule 65(b)(4) motion into a Rule 60(b) proceeding simply by characterizing Defendants' request as an attempt to "relitigate" the original TRO ruling.

Plaintiff's reliance on *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo* is also misplaced. In *Concilio*, the First Circuit addressed dissolution of a preliminary injunction after extensive litigation concerning statutory compliance. 551 F.3d at 16–17. The injunction at issue followed years of litigation and multiple appellate proceedings, and the defendant sought dissolution based on its assertion that it had come into compliance with the governing statute.

Moreover, in *Washington v. United States Department of Housing & Urban Development,* the First Circuit addressed a motion directed at an existing preliminary injunction and held that the defendant was required to show that an intervening change in fact

or law "warrant[ed] the discontinuation" of that injunction. 171 F.4th 473, 488 (1st Cir. 2026). This case is materially different. Here, Defendants do not seek dissolution of a litigated preliminary injunction; they seek dissolution of an *ex parte* TRO entered without adversarial process. Accordingly, Defendants' Motion should be granted.

**II. DEFENDANTS DID NOT WAIVE THEIR PERSONAL JURISDICTION OR INSUFFICIENT SERVICE OF PROCESS DEFENSES**

The Opposition incorrectly states that Defendants "never moved pursuant to Rule 12(b)(2)" and therefore waived personal jurisdiction. Opp. 3, 10-13. Rule 12 does not require a defendant to raise personal jurisdiction only by pre-answer motion; it may be asserted in the responsive pleading. Fed. R. Civ. P. 12(b), 12(h)(1). Defendants have contested personal jurisdiction and asserted lack of personal jurisdiction as their second affirmative defense in the Answer. ECF No. 25 at 5.

Plaintiff alternatively argues that Defendants waived personal jurisdiction by participating in this litigation. Opp. at 3–4. That argument improperly equates participation in litigation with voluntary submission to jurisdiction.

Personal jurisdiction is an individual right that may be waived, but waiver ordinarily results from consent, failure to timely preserve the defense under Rule 12(h), or conduct amounting to submission to the court's jurisdiction, rather than from defensive participation alone. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704–06 (1982).

That principle applies with particular force here. Defendants' Motion sought dissolution or modification of the TRO itself—the very order that imposed restraints upon Defendants before a full adversarial presentation. Seeking relief from an allegedly improper restraint does

not constitute voluntary submission to the Court's jurisdiction.

To hold otherwise would create an improper procedural dilemma: a defendant subject to emergency injunctive relief would be forced either to remain silent or risk waiving jurisdictional objections by appearing to challenge the order. Because Defendants expressly preserved their personal jurisdiction objection in their Answer, they remain entitled to pursue that defense in a later motion. *See Hall v. Kuzenka*, 843 A.2d 474, 478–79 (R.I. 2004) ("Because the defendant raised the defense of lack of personal jurisdiction in his answer, he was not precluded from raising the defense in a motion filed later."). The Court also promotes judicial economy by allowing a party to file a motion to dismiss for lack of personal jurisdiction after previously raising that defense in an answer. *Id.* at 477.

In addition, Defendants expressly raised the Hague Service Convention and related due-process concerns in their Motion to Dissolve. Plaintiff's Opposition fails to substantively answer those treaty-based arguments. Accordingly, Defendants' Motion should be granted.

## III. PLAINTIFF CANNOT CHARACTERIZE AGREED EXTENSIONS OF TIME AS WAIVER OR DELAY

Plaintiff further argues that Defendants' three extensions of time demonstrate delay and undermine Defendants' request for relief. Opp. at 1–3. The record does not support that characterization. Each extension was requested with Plaintiff's agreement. *See* ECF Nos. 20, 22, 24. Each assented motion explicitly stated that the request was made in good faith and not for purposes of delay. *Id.*

Plaintiff cannot now characterize extensions that it expressly agreed to as evidence of delay or waiver. The extensions permitted the parties additional time to address the litigation, prepare responsive pleadings, and explore potential resolution before further proceedings.

Nothing in Rule 12 provides that a consensual extension of time operates as consent to jurisdiction.

As reflected in Exhibit A submitted by Plaintiff, the January 15 conference was described by both the Court and the parties as a status conference. At that time, Defendants requested that the conference be rescheduled because the parties were actively engaged in good faith settlement discussions. Those discussions ultimately did not lead to a resolution, but Defendants' efforts during that period were directed toward resolving the dispute without further burdening the Court, not toward delaying these proceedings.

Defendants further understood, that the TRO would remain in effect only for the limited period permitted absent further application or extension. While continuing to pursue settlement in good faith, Defendants did not anticipate that the restraints would effectively continue indefinitely. Meanwhile, the consequences of the restraint have been severe: two entire storefronts remain restrained in an amount of approximately $108,995.36, although that amount has fluctuated by several hundred dollars due to exchange-rate changes. *See* Exhibit 1 and Exhibit 2. This is so even though the two accused listings have already been disabled and the accused products generated only $199.40 in total U.S. sales.

Any delay in Defendants' response was not willful and should not be characterized as undue delay. Rather, it was the product of good faith settlement efforts, significant language barriers, unfamiliarity with the U.S. legal system, and the practical time required for counsel to translate legal materials and gather the information necessary to proceed appropriately in this litigation.

Plaintiff's characterization of Defendants as having "refused" to participate in discovery

is not supported by the record. Exhibit C provided by Plaintiff reflects only a single communication concerning a potential Rule 26(f) conference; it does not identify any formal discovery request served upon Defendants, any motion to compel, or any discovery order with which Defendants failed to comply. Defendants remain willing to confer promptly and to participate in appropriately targeted discovery concerning the accused listings, relevant sales, and restrained funds.

Moreover, the declarations submitted in support of Defendants' Motion are based on the declarants' personal knowledge of their respective businesses and accounts, and the material representations concerning sales and restrained funds are corroborated by marketplace transaction records, account statements, and platform restraint notices. Accordingly, Plaintiff's generalized discovery objection provides no basis for disregarding Defendants' evidence or for continuing restraints that are grossly disproportionate to the documented sales of the accused products.

**IV. PLAINTIFF'S OPPOSITION DOES NOT CURE THE DEFECTS IDENTIFIED IN DEFENDANTS' MOTION**

Plaintiff's Opposition is notable for what it does not address. Rather than confronting the substantive deficiencies identified in Defendants' Motion, Plaintiff devotes the majority of its Opposition to procedural arguments concerning Rule 60(b), waiver, and alleged delay. Those arguments do not establish that the extraordinary remedy imposed against Phybe Jeans and XIC Loom Lore remains justified. A temporary restraining order is an extraordinary remedy, and Plaintiff continues to bear the burden of demonstrating that the required equitable factors support maintaining such relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff's procedural arguments cannot replace the

required showing that these Defendants specifically engaged in conduct warranting continued injunctive relief. Plaintiff's failure to meaningfully address the merits, irreparable harm, and proportionality issues raised in Defendants' Motion further confirms that the TRO should be dissolved or, at minimum, modified.

**A. Plaintiff Has Not Addressed the Lack of Defendant-Specific Evidence Supporting Continued Relief**

Plaintiff's Opposition does not identify any evidence specific to Phybe Jeans or XIC Loom Lore demonstrating why the TRO should remain in place against these Defendants. Instead, Plaintiff again relies on generalized allegations concerning Schedule A defendants as a group. Such allegations do not resolve the defendant-specific deficiencies raised in Defendants' Motion. Plaintiff identifies only the two accused listings and related test purchases, but no defendant-specific evidence of broader infringement, dissipation risk, or conduct warranting restraints over entire marketplace accounts.

**B. Plaintiff Has Not Established Irreparable Harm Caused by These Defendants**

Plaintiff's Opposition likewise does not identify any irreparable harm attributable specifically to Phybe Jeans or XIC Loom Lore. A TRO cannot be maintained based solely on generalized allegations of harm unrelated to the particular defendants subject to the restraint. *See Winter*, 555 U.S. at 22. Plaintiff's failure to connect the alleged harm to these Defendants further undermines the continued necessity of the TRO.

The disparity between the restrained funds and the documented sales of the accused products is extraordinary. The restraint is several hundred times greater than the total U.S. sales attributable to the alleged infringement. Because the two accused listings have already been disabled, there is no continuing sale of the accused products that could justify

maintaining a storefront-wide restraint of such magnitude. Even allowing for reasonable security for potential damages and costs, a restraint bearing so little relationship to the documented conduct is grossly disproportionate and inequitable. The Court should therefore dissolve the asset restraint or, at minimum, reduce it to an amount reasonably connected to the accused sales and supported by evidence.

### C. Plaintiff Has Not Justified the Scope of the Existing TRO

Finally, Plaintiff's Opposition does not explain why the current scope of the TRO is necessary or narrowly tailored as applied to these Defendants. Even where some relief may be appropriate, injunctive relief must correspond to the harm demonstrated. Plaintiff's failure to address the proportionality concerns raised in Defendants' Motion supports, at minimum, modification of the TRO.

## CONCLUSION

Defendants respectfully request that the Court dissolve the TRO as to Phybe Jeans and XIC Loom Lore. Alternatively, the Court should modify the Order to (1) keep only the two specifically accused listings disabled; (2) permit the storefronts to resume operations as to non-accused products; (3) limit any asset restraint to the accused products' documented U.S. sales plus any additional reasonable amount the Court finds necessary; and (4) direct Plaintiff promptly to notify the relevant marketplaces and payment processors of the modification.

Dated: July 17 , 2026

Respectfully submitted,

PHYBE JEANS and XIC LOOM LORE

By their attorneys,

*/s/ Angel Taveras*________________________
Angel Taveras (#5552)
TAVERAS LAW, P.C.
100 Westminster Street, 11th Floor
Providence, RI 02903
Tel: 401.580.9912
Fax: 401.327.5656
ataveras@taveraslaw.com

Christopher J. Fahy (Admitted *Pro hac vice*)
Haoyi Chen (Admitted *Pro hac vice*)
ARCH & LAKE LLP
203 N. LaSalle St., Ste. 2100
Chicago, IL 60601
Phone: 312-558-1369
Fax: 312-614-1873
christopher@archlakelaw.com
haoyichen@archlakelaw.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on July 17, 2026, and that it is available for viewing and downloading from the Court's ECF system.

*/s/ Angel Taveras*________________