**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KIEL JAMES PATRICK, LLC<br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br>*Defendants.* | C.A. No. 1:25-cv-00633-MRD-AEM |

**DEFAULT JUDGMENT**
**AND PERMANENT INJUNCTION ORDER**

On April 21, 2026, pursuant to Fed. R. Civ. P. 55(a), Plaintiff Kiel James Patrick, LLC ("**KJP**" or "**Plaintiff**") moved for Entry of Default against certain Defendants identified on Schedule "A" to the Complaint (individually and collectively, the "**Subject Defendants**"), and, on April 22, 2026, default entered against the Subject Defendants.[1] *See* Docket Nos. 26 and 27. On July 1, 2026, Plaintiff filed Requests for Default Judgment ("**Default Judgment**") pursuant to Fed. R. Civ. P. 55(b)(2).

Previously, on December 3, 2025, the Honorable Melissa R. DuBose considered Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Writ of Attachment and Motion for Alternative Service. This Court granted both motions and entered a Temporary Restraining Order and Writ of Attachment ("**TRO Order**"), together with an Order authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3). *See Docket Nos. 10 and 11*. Thereafter, on December 22, 2025,

[1] For clarity, this Order pertains to all *Schedule A* Defendants, except Phybe Jeans, XIC Loom Lore and BAICHENGSWEATER. *See* Docket Nos 1, 25, 28. Accordingly, as used herein, the term "Subject Defendants" excludes those Defendants.

the Court extended the Order. *See Docket No. 17.*

On April 21, 2026, Plaintiff filed a Request for Entry of Default pursuant to Fed. R. Civ. P. 55(a), together with a supporting Affidavit, setting forth the procedural history of this matter and identifying the Subject Defendants against whom default was sought. *See Docket Nos. 26, 26-1*. On April 22, 2026, the Clerk entered default against the Subject Defendants pursuant to Fed. R. Civ. P. 55(a) and Local Rule Cv 55(a). *See June 4, 2026, Text Order*.

Following Plaintiff's July 1, 2026, submission of its Requests for Default Judgment and supporting Affidavit pursuant to Fed. R. Civ. P. 55(b)(2), the Court afforded the Subject Defendants until July 15, 2026, to file any opposition thereto. No Subject Defendant filed any response or opposition by that deadline, nor has any counsel entered an appearance on behalf of any of the Subject Defendants. Thereafter, Plaintiff's Requests for Default Judgment were considered and evaluated by the Honorable Melissa R. DuBose.

Upon review of the pleadings, affidavits, and prior orders of this Court, and for good cause shown, it is hereby **ORDERED**, **ADJUDGED**, **and DECREED:**

**1.** That Plaintiff's Motion for Default Judgment is GRANTED;

**2.** That Final Judgment is hereby entered in favor of Plaintiff and against the Subject Defendants on Counts I and II of Plaintiff's Complaint;

**3.** That a Permanent Injunction is hereby entered in favor of Plaintiff and against each Subject Defendants, permanently and forever enjoining and restraining the Subject Defendants, their affiliates, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them from:

**a.** using the KJP Marks or KJP Advertising Materials, as defined in the Complaint, or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner

in connection with the manufacturing, importing, distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine KJP Product (as defined in the Complaint) or not authorized by KJP to be sold in connection with the KJP Marks or KJP Advertising Materials;

**b.** passing off or enabling others to pass off any product as a genuine KJP Product or any other product produced by KJP that is not KJP's product or not produced under the authorization, control, or supervision of KJP and approved by KJP for sale under the KJP Marks or KJP Advertising Materials;

**c.** committing any acts calculated to cause consumers to believe that the Subject Defendants' counterfeit or imitation products are those sold under the authorization, control, or supervision of KJP, or are sponsored, approved, or otherwise connected with KJP;

**d.** further infringing or using the KJP Marks or KJP Advertising Materials in any manner that damages or dilutes KJP's goodwill;

**e.** otherwise competing unfairly with KJP in any manner;

**f.** shipping, delivering, holding for sale, transferring, storing, distributing, or otherwise disposing of any products not manufactured by or for KJP, nor authorized by KJP to be sold, and which bear or feature the KJP Marks or KJP Advertising Materials, or any reproductions, counterfeit copies, or colorable imitations thereof;

**g.** using the corresponding Internet Stores for the Subject Defendants, online marketplace accounts identified in ***Schedule A***, or any other website, online marketplace, store, account, or platform to advertise, market, distribute, offer for sale, or sell any counterfeit, imitation, infringing, or otherwise unauthorized products bearing, using, or displaying association with the KJP Marks or KJP Advertising Materials; and

**h.** operating and/or hosting websites at any other domain names or platforms

that are involved with the distribution, marketing, advertising, offering for sale, or sale of counterfeit or imitation products bearing the KJP Marks or the KJP Advertising Materials, or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine KJP Product or not authorized by KJP to be sold in connection with the KJP Marks or the KJP Advertising Materials.

**4**. That those in privity with the Subject Defendants and those with notice of the judgment and injunction, including its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it including any online marketplaces, social media platforms, Internet search engines, web hosts for the Subject Defendants' domain names, and domain name registrars, shall:

**a.** remove, or cease supporting any listings, advertisements, product pages, storefront content, or promotional materials that advertise, market, offer for sale, or sell counterfeit, imitation, infringing, or otherwise unauthorized products using the KJP Marks or KJP Advertising Materials;

**b.** remove, or cease displaying any advertisements used by or associated with the Subject Defendants in connection with the sale of counterfeit or imitation products and/or goods using the KJP Marks or the KJP Advertising Materials or featuring the unauthorized use of the KJP Marks or the KJP Advertising Materials; and

**c.** take all steps necessary to remove, disable, or cease displaying any listings, advertisements, product pages, images, descriptions, or other content associated with the Subject Defendants that use, display, reproduce, advertise, market, or otherwise feature the KJP Marks or KJP Advertising Materials in connection with counterfeit, imitation, infringing, or otherwise unauthorized products.

**5.** That the funds and the accounts of the Subject Defendants and/or associated with the Internet Stores, including without limitation those at PayPal, Inc., Temu, and other similar vendors and/or service providers, are hereby ordered to immediately turn over and transfer to Plaintiff all uncontested, specifically identifiable restrained assets, funds, and monies maintained therein, in the amounts reflected in the records of such entities, in partial satisfaction of this Judgment.

**6.** This Judgment and Permanent Injunction is binding on the Subject Defendants, their affiliates, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with worldwide and shall remain in effect permanently.

**7.** The Court retains jurisdiction to enforce this Order and Permanent Injunction.

IT IS SO ORDERED

Melissa R. DuBose.
United States District Court Judge

Date: 9/30/2026

PRESENTED BY:

The Plaintiff,
Kiel James Patrick, LLC,
By its Attorneys,

*/s/ C. Alexander Chiulli*

C. Alexander Chiulli, Esq. (Bar No. 9139)
Charles J. Russo, Esq. (Bar No. 10751)
Savage Law Partners, LLP
564 South Water Street Providence, RI 02903
Email: achiulli@savagelawpartners.com
Email: crusso@savagelawpartners.com
Tel: (401) 238-8500
Fax: (401) 648-6748